

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 11, 1951

Hon. Wm. L. Taylor
Prosecuting Attorney
Harrison County
Marshall, Texas

Opinion No. V-1277

Re: Maximum payments which
may be made to County
Commissioners of Har-
rison County for trav-
eling expenses.

Dear Sir:

You have requested an opinion on the fol-
lowing question:

Are the provisions of Senate Bill
131, Acts 52nd Leg., 1951, ch. 456, p.
812, applicable to the county comis-
sioners of Harrison County?

According to the 1950 Federal Census,
Harrison County has a population of 47,745 inhabi-
tants.

Senate Bill 131 of the 52nd Legislature
provides in part:

"Sec. 2. In any county in this
State having a population in excess
of twenty-one thousand, five hundred
(21,500) but not in excess of one hun-
dred twenty-four thousand (124,000),
according to the last preceding or any
future Federal Census, the Commission-
ers Court is hereby authorized to allow
each member of the Commissioners Court
the sum of not exceeding Seventy-five
($75.00) Dollars per month for travel-
ing expenses and depreciation on his
automobile while on official business
within the county. Each member of such
Commissioners Court shall pay all ex-
penses in the operation of such auto-
mobile and keep same in repair free of
any other charge to the county.

"Sec. 4. The provisions of this
bill shall apply only to those counties
not furnishing an automobile, truck or by

other means providing for the traveling
expenses of its commissioners, while on
official business within the county.

"Sec. 5. The fact that there is a
great need that the county pay expenses
of the Commissioners Court as provided
for in this Act on account of the con-
struction and maintenance of a great num-
ber of lateral roads, and the fact that
no adequate provision is made by the
existing law for reimbursement to said
commissioners for any extra and added
traveling expense which they are now re-
quired to incur in the performance of
their official duties, creates an emer-
gency and an imperative public necessity
that the Constitutional Rule requiring
bills to be read on three several days in
each House be suspended; and said Rule is
hereby suspended, and this Act shall take
effect and be in force from and after its
passage, and it is so enacted." (Emphasis
added.)

Section 10 of House Bill 812, Special Laws
of the 42nd Leg., R.S. 1931, ch. 156, p. 303 (Harrison
County Road Law), provides:

"Each County Commissioner and the
County Judge of said county when trav-
elling on county business relating to
the roads or highways of said county
shall be allowed the sum of Seven (7¢)
Cents per mile as traveling expenses to
be paid out of the Road and Bridge Fund
on sworn statement at the end of each
month; provided that the county shall
not pay to the County Judge or any Coun-
ty Commissioner in excess of Fifty ($50.00)
Dollars as traveling expenses for any one
month."

Section 1a of Article 2350, V.C.S., author-
izes the commissioners' court in each county to pay
the actual traveling expense incurred by the county
commissioners while traveling outside the county on
official business. The county commissioners in some
counties are authorized traveling expense while

traveling within the county. See Article 2350m, note, and various county road laws.

Since certain county commissioners were allowed traveling expense within the county while others were not, Senate Bill 131 was enacted for the benefit of those county commissioners who were not allowed traveling expense within the county. Section 4 of Senate Bill 131 shows clearly that it was the intention of the Legislature that its provisions would not apply to those counties in which traveling expense was already allowed within the county.

Traveling expense of the county commissioners of Harrison County within the county is now being provided for by the provisions of Section 10 of the Harrison County Road Law (H.B. 812, Special Laws of the 42nd Leg., R.S. 1931, ch. 156, p. 303). Therefore, it is our opinion that Senate Bill 131 of the 52nd Legislature is not applicable to Harrison County.

## SUMMARY

Senate Bill 131, Acts 52nd Leg., 1951, ch. 456, p. 812, providing for payment of the travel expense of county commissioners traveling on official business within the county, is limited to counties where no provision now exists for such payments; this Act does not apply to Harrison County because its commissioners are now allowed such expense under the Harrison County Road Law.

APPROVED:

Yours very truly,

J. G. Davis, Jr.
County Affairs Division

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

By John Reeves
John Reeves
Assistant

JR:mw:awo